UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HAMPDEN, SS.                                             CIVIL ACTION NO. 05-30046-KPN

ALICE W. HALPIN,

    Plaintiff

v.

RDC OF CONNECTICUT, INC.,
R.D. CLARK AND SONS, INC.,
KATELAND LEASING, INC.,
PINNACLE TRANSPORTATION, INC.
and CHINA GROVE TRANSPORT, INC.

    Defendants

**PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM'S ANSWER AND AFFIRMATIVE DEFENSES**

## COUNT I
### (Breach of Contract)

1. The Defendant-in-Counterclaim admits the allegations contained in paragraph 1 of the Counterclaim.

2. The Defendant-in-Counterclaim admits the allegations contained in paragraph 2 of the Counterclaim.

3. The Defendant-in-Counterclaim admits the allegations contained in paragraph 3 of the Counterclaim.

4. The Defendant-in-Counterclaim admits entering into a Stock Purchase Agreement as alleged but denies that Kateland was engaged in the business of transporting petroleum products. Kateland operated as a leasing company.

5. The Defendant-in-Counterclaim admits the allegations contained in paragraph 5 of the Counterclaim.

6. The Defendant-in-Counterclaim admits the allegations contained in paragraph 6 of the Counterclaim.

7. The Defendant-in-Counterclaim denies that $2,875,000.00 was paid in cash at the closing, but admits the remaining allegations contained in paragraph 7 of the Counterclaim.

8. The Defendant-in-Counterclaim denies that $60,000.00 was paid in or about February 2004. Said payments were made over a period of time by virtue of a written agreement to pay for personal expenses of the Defendant-in-Counterclaim or her agents up to the amount of $60,000.00. This compensation was made incrementally between February 2004 and November 2004. The Defendant-in-Counterclaim denies that RDC made these payments without obligation to do so.

9. The Defendant-in-Counterclaim admits that the language as set forth in paragraph 9 is accurate but denies that it provides all pertinent parts. The Defendant-in-Counterclaim affirmatively states that the Note provides that "there shall be no right of offset with regard to any matters covered by a certain Escrow Agreement of even date providing for sums to be paid with regard to vehicle repairs as set forth herein."

10. The Defendant-in-Counterclaim admits the allegations contained in paragraph 10 of the Counterclaim.

11. The Defendant-in-Counterclaim denies the allegations contained in paragraph 11 of the Counterclaim.

12. The Defendant-in-Counterclaim admits the allegations contained in paragraph 12 of the Counterclaim.

13. The Defendant-in-Counterclaim denies the allegations contained in paragraph 13 of the Counterclaim.

14. The Defendant-in-Counterclaim denies the allegations contained in paragraph 14 of the Counterclaim.

15. The Defendant-in-Counterclaim denies the allegations contained in paragraph 15 of the Counterclaim.

16. The Defendant-in-Counterclaim admits the allegations contained in paragraph 16 of the Counterclaim.

17. The Defendant-in-Counterclaim states that Section 14.8 of the Stock Purchase Agreement speaks for itself.

18. The Defendant-in-Counterclaim states that Section 14.13(c) of the Stock Purchase Agreement speaks for itself.

19. The Defendant-in-Counterclaim has insufficient information to either admit or deny the allegations contained in paragraph 19 of the Counterclaim.

20. The Defendant-in-Counterclaim admits that a fine was paid to the DOT but denies that payment was made in March of 2004. The Defendant-in-Counterclaim denies that RDC incurred maintenance bills in excess of $187,000.00 to obtain DOT inspection approval.

21. The Defendant-in-Counterclaim has insufficient information to either admit or deny the allegations contained in paragraph 21 of the Counterclaim.

22. The Defendant-in-Counterclaim has insufficient information to either admit or deny the allegations contained in paragraph 22 of the Counterclaim.

23. The Defendant-in-Counterclaim has insufficient information to either admit or deny the allegations contained in paragraph 23 of the Counterclaim.

24. The Defendant-in-Counterclaim has insufficient information to either admit or deny the allegations contained in paragraph 24 of the Counterclaim.

25. The Defendant-in-Counterclaim denies the allegations contained in paragraph 25 of the Counterclaim.

26. The Defendant-in-Counterclaim denies the allegations contained in paragraph 26 of the Counterclaim.

27. The Defendant-in-Counterclaim states that Section 4.11 of the Stock Purchase Agreement speaks for itself, admits that Tartan Maintenance Management, Inc. was a purchaser of tires for re-sale and as a result denies the remaining allegations contained in paragraph 27 of the Counterclaim.

28. The Defendant-in-Counterclaim states that Section 9.1(a) of the Stock Purchase Agreement speaks for itself.

29. The Defendant-in-Counterclaim has insufficient information to either admit or deny the allegations contained in paragraph 29 of the Counterclaim.

30. The Defendant-in-Counterclaim has insufficient information to either admit or deny the allegations contained in paragraph 30 of the Counterclaim.

31. The Defendant-in-Counterclaim admits to receipt of payment of interest expense but denies that said payment was not due and owing.

32. The Defendant-in-Counterclaim has insufficient information to either admit or deny the allegations contained in paragraph 32 of the Counterclaim.

WHEREFORE, the Defendant-in-Counterclaim, Alice W. Halpin, demands that Judgment enter in favor of the Defendant-in-Counterclaim and award her costs in

defending this action, including attorney's fees as provided under the Stock Purchase Agreement, Note, Guarantees and Security Agreements.

## COUNT II
### (93A)

33. The Defendant-in-Counterclaim reasserts and realleges its answers to the allegations contained in paragraphs 1 through 32 of the Counterclaim.

34. The Defendant-in-Counterclaim denies the allegations contained in paragraph 34 of the Counterclaim.

35. The Defendant-in-Counterclaim denies the allegations contained in paragraph 35 of the Counterclaim.

36. The Defendant-in-Counterclaim denies the allegations contained in paragraph 36 of the Counterclaim.

WHEREFORE, the Defendant-in-Counterclaim, Alice W. Halpin, demands that Judgment enter in favor of the Defendant-in-Counterclaim and award her costs in defending this action, including attorney's fees as provided under the Stock Purchase Agreement, Note, Guaranties and Security Agreements.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant's Counterclaim fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has acted at all times in good faith, reasonably and justifiably.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff states that the Defendant is estopped from asserting a breach of contract claim.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff states that the Defendant's action is brought in violation of the applicable statute of frauds.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff states any amounts due to the Defendant are subject to offset.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff states any damages sustained by the Defendant are the result of the action(s) of third parties, for which the Plaintiff is not legally responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff states that the Defendant's claims are barred due to the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff reserves the right to add such other affirmative defenses that may become apparent as a result of further proceedings in this matter.

    Respectfully submitted,
    The Plaintiff,
    Alice W. Halpin,
    By Her Attorneys,

          /s/Robert S. Murphy, Jr.
    ROBERT S. MURPHY, ESQ
    ADAM J. BASCH, ESQ.
    BACON & WILSON, P.C.
    33 State Street
    Springfield, MA 01103
    Ph:  (413) 781-0560
    Fax:  (413) 739-7740
    BBO# 550804
    BBO# 655482
    April 4, 2005

**CERTIFICATE OF SERVICE**

    I, Robert S. Murphy, Jr., hereby certify that on April 4, 2005, I caused a copy of the foregoing Plaintiff/Defendant-in-Counterclaim's Answer and Affirmative Defenses to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:  Michael E. MacDonald and Diane Degiacomo, Cane, Hibbard, Mayers & Cook, P.C., 66 West Street, Pittsfield, MA 01201

          /s/Robert S. Murphy, Jr.
    Robert S. Murphy, Jr.