UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30046-KPN

ALICE W. HALPIN,

        Plaintiff,

v.

RDC OF CONNECTICUT, INC.,
R.D. CLARK AND SONS, INC.,
KATELAND LEASING, INC.,
PINNACLE TRANSPORTATION, INC. and
CHINA GROVE TRANSPORT, INC.,

        Defendants.

## CASE MANAGEMENT REPORT PURSUANT TO LOCAL RULE 16(2)

In accordance with the United States District Court for the District of Massachusetts Local Rule 16.3(b), counsel for the Plaintiff and the Defendants have conferred concerning the progress of discovery in this matter. To date, the parties have made the required disclosures called for in Rule 26 of the Federal Rules of Civil Procedure and have exchanged written discovery and responses.

Approximately one-half of the Defendants' damage results from repair to trailers required by the U.S. Department of Transportation following an inspection conducted by an individual in the Connecticut office of the Federal Motor Carrier Safety Administration. Pursuant to the requirements of 5 USC § 522, 49 CFR Part 7 and 49 CFR § 9.13, a Freedom of Information Act request was made of the Department of Transportation, Federal Motor Carrier Safety Administration, on September 13, 2005. Pursuant to the Regulations of the U.S. Department of Transportation, this Freedom of Information Act request was to have been

responded to on or before September 24, 2005. On September 20, 2005, counsel for the Defendant received notice of receipt of the Freedom of Information Request and notice of assignment of the response to an individual within the Freedom of Information Act team of the U.S. Department of Transportation. Thirty days after the due date time on October 24, 2005, Defendant's counsel contacted the identified person and learned that she was away from the office until the next day.

On October 26, 2005, Defendant's counsel received a call from the identified person indicating that she had lost the copies of the request and asked that they be resent which they were that day.

Since this date, Defendant's counsel has made two additional calls to find that the identified person is out of the office until November 7, 2005. Defendant's counsel has also made calls to the office of counsel but not received a return call.

The Regulations of the Department of Transportation require that a Freedom of Information Act request precede any request to depose an employee of the Department. Counsel of the Plaintiff and the Defendants have agreed that once consent to take the deposition is obtained that this will be done by videotape deposition to preserve such testimony until the time of trial.

The counsel for the Plaintiff and the Defendants request an extension of the time set forth for deposition-of-fact witnesses and the time for completion of depositions of expert witnesses in the joint discovery plan for 90 days each and that the time for filing motions in the case and the final pretrial conference be moved accordingly at the discretion of the Court.

Respectfully submitted,

ALICE HALPIN,

Plaintiff

By: /s/ Robert S. Murphy
Her Attorneys
Robert S. Murphy (BBO #550804)
Adam J. Basch (BBO #655482)
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103
Tel. No.: (413) 781-0560
Fax No.: (413) 739-7740

November 3, 2005

RDC OF CONNECTICUT, INC.,
R.D. CLARK & SONS, INC., KATELAND LEASING, INC., PINNACLE TRANSPORTATION, INC. and CHINA GROVE TRANSPORT, INC.,

Defendants

By: /s/ Michael E. MacDonald
Their Attorneys
Michael E. MacDonald (BBO# 310610)
Diane M. DeGiacomo (BBO# 555930)
CAIN HIBBARD MYERS & COOK, P.C.
66 West Street
Pittsfield, MA 01201
Tel. No.: (413) 443-4771
Fax No.: (413) 443-7694

November 3, 2005